UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FREDERICK L. FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:13-CV-243-TLS |
| v. | ) |
| | ) |
| MARK WENTZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Frederick L. Freeman, a prisoner proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 7]. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This is Freeman's second attempt to plead his claims. (*See* ECF Nos. 1, 5.) As an initial matter, Freeman submitted an amended complaint on the appropriate form [ECF No. 7], as well as a handwritten document labeled, "42 U.S.C. § 1983, Amended Complaint" [ECF No. 7-1]. The handwritten document does not appear to be a complete pleading in and of itself, but it is also not clear that he intended it to supplement the court form, since these documents contain separate statements of facts and different formulations of his claims. As a practical matter, Freeman cannot have two different operative complaints. *See French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). For clarity of the record, the handwritten document will be stricken, and the Court will proceed to screen the amended complaint submitted on the court form.

The amended complaint, like the original, is not a model of clarity, but it can be discerned that Freeman is complaining about events occurring on July 23, 2013, when he was arrested by Fort Wayne police. Specifically, he alleges that he was riding as a passenger in a vehicle, when it was rammed by Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, and Derrick DeMorest without just cause. He claims that as he exited the vehicle, these officers struck him with their vehicle, causing him pain and injuries. He further claims that Officers David Wilkens, Martin Grooms, and Mark Lowden tackled him to the ground, kicked him, and punched him repeatedly. He was then arrested for an unspecified offense and taken to the Fort Wayne Police Department, where he remained in lock-up for several hours. He claims he was in need of medical care but the officers failed to take him to a hospital or otherwise

ensure that he received medical care for his injuries. He claims that he was taken before a judicial officer on July 24, 2013, and has been detained since that date pending trial on the unspecified charge. He claims that he is being maliciously prosecuted and is not guilty of any offense. Based on these events, he sues sixteen different defendants and seeks $200,000 in damages.

Freeman first alleges that the officers used excessive force against him. The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Here, Freeman does not provide much information about why the officers were pursuing him or why they arrested him. However, he does allege that the officers rammed his vehicle, hit him with their vehicle when he exited the car, and then tackled him to the ground and beat him. The amended complaint can be read to allege that the officers used more force than was necessary, and that he was not resisting during this incident. Although further factual

development may show that the officers acted reasonably under the circumstances, giving Freeman the inferences to which he is entitled at this stage of the proceedings, he has alleged enough to proceed on an excessive force claim against the officers.

Freeman also alleges that the officers failed to obtain necessary medical care for him after his arrest. Under the Fourth Amendment, an arrestee has a right to be provided with adequate medical care. *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007). The court considers several factors in determining whether an arresting officer's denial of medical care was "objectively unreasonable," including the officer's notice of the arrestee's medical needs, the seriousness of those medical needs, the scope of the requested treatment, and the interests of the police, including administrative, penological, or investigatory concerns. *Id.* at 403–04; *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007). The standard for establishing a Fourth Amendment medical care claim is lower than needed to establish deliberate indifference under either the Eighth or Fourteenth Amendments. *Williams*, 509 F.3d at 403.

Here again the complaint is not heavy on detail, but it can be read to allege that Freeman was in pain and in need of medical care at the time of his arrest after being involved in a car accident and being beaten by the officers. Nevertheless, he claims that the officers did not take him to be evaluated by a doctor or otherwise to obtain treatment, even though there were paramedics on the scene who could have attended to him. Instead the officers immediately took him to lock-up at the police department. Although it appears Freeman was eventually treated for his injuries, giving him the inferences to which he is entitled at this stage, he has alleged a plausible claim against the officers for denying him adequate medical care immediately following his arrest.

Freeman also lists "unknown nurse[s]" and "unknown correctional officer[s]" as defendants, apparently in connection with his claim that he did not get adequate care at the jail, but he does not include any information about these individuals, other than their job title, nor does he explain what they did to violate his rights. He was previously instructed that he must provide a factual basis for his claim against each defendant. Instead he states in general terms that the defendants, collectively, were deliberately indifferent to his needs.[1] The Court can plausibly infer that the officers who personally interacted with Freeman at the scene would have been aware of his need for medical care, but there is no basis in the amended complaint to infer that unnamed individuals at the jail were personally aware of Freeman's need for medical care and acted in an objectively unreasonable manner in disregarding this need.[2] Because Freeman has not alleged a plausible constitutional claim against these individuals, they will be dismissed as defendants.

Freeman next claims that the officers falsely arrested him. To establish a claim of false arrest in violation of the Fourth Amendment, the plaintiff must show that he was arrested without probable cause. *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Probable cause exists if at

---

[1] Freeman also states that he was denied food, water, and access to the restroom for four hours when he first arrived at the police station. It is not clear if he is trying to allege a claim based on this alleged deprivation. He does not allege that he had an actual need for food, water, or bathroom access during this short period, and even if he did, he does not identify any individual who was personally aware of his need and acted in any objectively unreasonable matter in denying him these things. *See Williams,* 509 F.3d at 403 (conditions of confinement for arrestee who has not yet been arraigned is governed by Fourth Amendment's "objectively unreasonable" standard). This is Freeman's second attempt to state his claims, and merely putting a few words on paper that might under some scenario entitle him to relief is insufficient under federal pleading standards. *Swanson,* 614 F.3d at 403. If he believes he can allege a plausible claim by providing additional detail, he is free to seek leave to amend his complaint.

[2] It is not entirely clear from the complaint what time period Freeman is complaining about, but if it was after his arraignment the Fourteenth Amendment deliberate indifference standard would apply, which would be an even higher standard. *See Williams,* 509 F.3d at 403; *see also Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (to be liable for deliberate indifference, the defendant "must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so"). He has not adequately alleged a deliberate indifference claim against these unnamed defendants either.

the time of the arrest, the facts and circumstances within the officer's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed. . . an offense." *Id.* (internal citation omitted). Probable cause to arrest a suspect for any offense, even one occurring outside the officer's presence, bars liability for false arrest. *Brooks v. City of Aurora*, 653 F.3d 478, 484–86 (7th Cir. 2011).

Again, the amended complaint is sparse on factual detail, but it can be read to allege that the officers had no basis to stop or arrest Freeman, and that he was simply riding in a vehicle that was rammed by the officers. He further alleges that Officer Wentz knowingly submitted false information about this incident to a judicial officer to support the initiation of criminal charges. Giving Freeman the inferences to which is entitled at this stage, he has alleged enough to proceed further against the officers.

Freeman also sues a number of governmental entities. He alleges that the State of Indiana is wrongfully prosecuting him for unspecified criminal offenses. However, the state has Eleventh Amendment immunity and cannot be sued for damages in federal court. *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1987). Moreover, even if Freeman could name a proper defendant in connection with this claim it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because it rests on a presumption that the charges against him are invalid. Freeman cannot purse a claim for damages for wrongful prosecution unless and until the state criminal charges are terminated in his favor. *Heck*, 512 U.S. at 486–87; *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.").

Freeman also sues the Allen County Sheriff's Department and the City of Fort Wayne, but they cannot be held liable simply because they employed the officers involved in this incident. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). These entities may be held liable for an unconstitutional official policy or custom that caused Freeman's injury, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), but here Freeman makes only a fleeting reference to such a policy, stating: "I feel the City of Fort Wayne has a policy that did infringe my constitutions on that day." (Am. Compl. 4.) He does not provide any detail about this alleged policy or how it resulted in a violation of his rights, nor can it be plausibly inferred from the complaint that either the Sheriff's Department or the City of Fort Wayne had an official policy to violate the constitutional rights of its arrestees. Instead, Freeman describes a scenario where several rogue officers allegedly rammed his vehicle and beat him for no legitimate reason. Because he has not alleged a plausible basis for holding the City of Fort Wayne and Allen County Sheriff's Department liable, they will be dismissed as defendants.

For these reasons, the Court:

(1) **STRIKES** the Plaintiff's handwritten filing labeled "42 U.S.C. § 1983, Amended Complaint" [Ecf No. 7-1];

(2) **GRANTS** the Plaintiff leave to proceed against Officer Robert Hollo, Officer Thomas Strausborger, Officer Derrick DeMorest, Officer David Wilkins, Officer Martin Grooms, Officer Mark Lowden, and Officer Mark Wentz in their individual capacities for monetary damages for false arrest, excessive force, and failure to provide him with adequate medical care following his arrest in violation of the Fourth Amendment;

(3) **DISMISSES** the State of Indiana, the City of For Wayne, the Allen County Sheriff's Department, Unknown Nurses, and Unknown Correctional Officers;

(4) **DISMISSES** any and all other claims contained in the amended complaint [ECF No. 7];

(5) **DIRECTS** the United States Marshals Service to effect service of process on Officer Robert Hollo, Officer Thomas Strausborger, Officer Derrick DeMorest, Officer David Wilkins, Officer Martin Grooms, Officer Mark Lowden, and Officer Mark Wentz; and

(6) **ORDERS** Officer Robert Hollo, Officer Thomas Strausborger, Officer Derrick DeMorest, Officer David Wilkins, Officer Martin Grooms, Officer Mark Lowden, and Officer Mark Wentz to respond, as provided for in the Federal Rules of Civil Procedure, only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 26, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION